IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **LIONELL DANIEL,** )<br>)<br>    **Plaintiff,** )<br>)<br>    v. )<br>)<br>**STATE OF GEORGIA,** )<br>)<br>    **Defendant.** )<br>_____ ) | **CIVIL ACTION NO. 5:25-CV-280 (MTT)** |

Pro se petitioner Lionell Daniel filed this petition for writ of habeas corpus under 28 U.S.C. § 2241, alleging constitutional violations related to his still-pending state court criminal action. Docs. 1; 5. He also filed a notice of removal, a motion to dismiss the state court action, and a motion for a preliminary injunction. Docs. 1-1; 4; 7. Daniel's petition for writ of habeas corpus (Docs. 1; 5) is **DISMISSED** for failure to exhaust, and Daniel is **DENIED** a certificate of appealability. Additionally, Daniel's motion to dismiss (Doc. 4) and his motion for a preliminary injunction (Doc. 7) are **DENIED**. The Clerk of Court is **DIRECTED** to close this action.

## I. DISCUSSION

### A. Petition for Writ of Habeas Corpus

Daniel has been charged with possession of a firearm by a convicted felon and possession of cocaine with intent to distribute. Doc. 7-1 at 1. His trial is currently set for September 15, 2025. *Id.* In his amended petition for habeas corpus, Daniel claims that his arrest and the ongoing criminal proceedings have violated the "Fourth, Fifth, Sixth,

and Fourteenth Amendments." Doc. 5 ¶ 14.  However, Daniel has failed to exhaust his state law remedies.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts require a federal court to screen a habeas petition prior to any answer or other pleading.  This Rule applies to habeas actions under both 28 U.S.C. § 2254 and 28 U.S.C. § 2241.  *See* R. 1(b), Rules Governing § 2254 ("[T]he district court may apply any or all of these rules to a habeas petition not covered by Rule 1(a).").  Rule 4 requires that the petition be dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  R. 4, Rules Governing § 2254 Cases.

It has been well-settled for over a century that "a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain [her] petition for habeas corpus."  *Picard v. Connor*, 404 U.S. 270, 275 (1971) (citing *Ex Parte Royall*, 117 U.S. 241 (1886)).  Prisoners seeking habeas relief, including pre-trial detainees[1] seeking relief pursuant to § 2241, must fully exhaust state remedies.  *See Braden v. 30th Judicial Cir. Ct. of Ky.,* 410 U.S. 484, 489-92 (1973) (addressing issue raised in § 2241 petition only after concluding the petitioner, a pretrial detainee, exhausted all available state court remedies for consideration of his constitutional claim); *Skinner v. Wiley,* 355 F.3d 1293, 1295 (11th Cir. 2004) (holding that

---

[1] Although Daniel is not physically confined, he is "in custody" under § 2241.  For a petitioner to be "in custody," the state must "exercise some control over the petitioner."  *Stacey v. Warden, Apalachee Corr. Inst.*, 854 F.2d 401, 403 (11th Cir. 1988).  The petitioner need not be physically confined, however, to meet the "in custody" requirement as long as the state action subjects the petitioner to restraints on liberty that are not generally shared by the public.  *Justices of Boston Mun. Ct v. Lyndon*, 466 U.S. 294, 300-01 (1984).  Specifically, the Supreme Court has recognized that a petitioner may be "in custody" if he is under the control of an indictment accompanied by a detainer, if he is released on his own recognizance with an obligation to appear subsequently for trial, or if he is on parole.  *Braden v. 30th Jud. Cir. Ct.*, 410 U.S. 484, 488-89 (1973); *Lyndon*, 466 U.S. at 301; *Jones v. Cunningham*, 371 U.S. 236, 243 (1963).

administrative exhaustion is required "in all habeas cases," including those brought under §2241); *Thomas v. Crosby*, 371 F.3d 782, 812 (11th Cir. 2004) ("Among the most fundamental common law requirements of section 2241 is that petitioners must first exhaust their state court remedies.") (Tjoflat, J., concurring).  Exhaustion requires that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Here, it "plainly appears" from Daniel's petition that he has not exhausted his available state judicial remedies.[2]  R. 4, Rules Governing § 2254 Cases.  In Georgia, a pre-trial detainee may seek a writ of habeas corpus under state law.  *See* O.C.G.A. § 9–14–1(a) ("Any person restrained of his liberty under any pretext whatsoever ... may seek a writ of habeas corpus to inquire into the legality of the restraint.").  Georgia permits a petitioner, whose habeas petition or mandamus is not granted, to appeal the denial.  *See* O.C.G.A. § 5–6–34(a)(7) ("Appeals may be taken to the Supreme Court and the Court of Appeals from the following judgments and rulings of the superior courts, the constitutional city courts, and such other courts or tribunals from which appeals are authorized by the Constitution and laws of this state: All judgments or orders granting or refusing to grant mandamus or any other extraordinary remedy, except with respect to temporary restraining orders."); O.C.G.A. § 9-14-52 ("Appeals in habeas corpus cases shall be governed, in all respects where applicable, by the laws in reference to appeals in other cases regarding the practice in the lower courts and in the Supreme Court

---

[2] After Daniel filed this petition, the Court ordered him to pay the filing fee and show cause why this action should not be dismissed for failure to exhaust.  Doc. 2.  Daniel complied with the Court's order. *See* Docs. 2; 3; 4 at 3.

relating to the time and manner of signing, filing, serving, transmitting, and hearing."); *Smith v. Nichols*, 512 S.E.2d 279, 281 (Ga. 1999) (Where . . . a prisoner files a pre-trial habeas corpus petition while in custody in lieu of bond, the discretionary procedures of § 9–14–52 are replaced by the direct appeal route offered by OCGA § 9–14–22.). Thus, to fully exhaust his state court remedies, Daniel would have had to first seek a writ of habeas corpus under state law and then appeal any denial of his petition.

While Daniel has filed multiple motions with the state trial court, he alleges that "none of them have been addressed by written order." Doc. 5 ¶ 9. Daniel contends that the state trial court judge's failure to provide written orders has denied him access to state law remedies because he cannot appeal under O.C.G.A. § 5-6-34.[3] Doc. 3 at 2-4. But even if the state trial court Judge has prevented Daniel from appealing his substantive motions, there are additional state law remedies available to him. For instance, "if a superior court judge fails to comply with O.C.G.A. § 15-6-21,[4] a petitioner may seek a writ of mandamus from another superior court judge." *Bellamy v. Rumer*, 305 Ga. 638, 640 n.2, 827 S.E.2d 269 (2019). While Daniel has a writ of mandamus pending with the state trial court presiding over his action, there is no indication in the record that Daniel has sought such a writ from another superior court or attempted to petition for a writ of habeas corpus. Doc. 7-1 at 2. And, as no judge has denied Daniel a writ of mandamus, Daniel has not initiated any appeal. Thus, Daniel has not invoked

---

[3] When Daniel filed his petition and notice of removal with this Court, many of his motions filed in state court had been pending for less than a month. Doc. 7-1. Since filing this action on July 1, Daniel has filed approximately nine new documents in the state court, including four new motions and a petition for Mandamus. *Id.* at 2. Daniel states that the state trial court Judge has ruled orally on several of the motions, but that they have not been reduced to writing. Doc. 3 ¶ 11.

[4] O.C.G.A. § 15-6-21 requires a superior court judge to "promptly decide pending motions 'of any nature.'" Depending on the county's population, a superior court must generally decide on motions within either 30 or 90 days after the motion has been argued or submitted without argument. O.C.G.A. § 15-6-21.

"one complete round of the State's established review process." *O'Sullivan,* 526 U.S. at 845.

Further, "[w]hen a petitioner seeks federal habeas relief prior to a pending state criminal trial the petitioner must satisfy the '*Younger* abstention hurdles' before the federal courts can grant such relief." *Hughes v. Att'y Gen. of Fla*., 377 F.3d 1258, 1262 (11th Cir. 2004) (quoting *Kolski v. Watkins*, 544 F.2d 762, 766 (5th Cir.). In *Younger*, the Supreme Court held that federal courts should not intervene in a pending state criminal prosecution absent extraordinary circumstances. *Younger v. Harris*, 401 U.S. 37, 43-44 (1971). There are three exceptions to the abstention doctrine: (1) there is evidence of state proceedings motivated by bad faith; (2) irreparable injury would occur; or (3) there is no adequate, alternative state forum where the constitutional issues can be raised. *Id*. at 45, 53–54. Application of the *Younger* abstention doctrine is, therefore, appropriate because Daniel has raised his federal constitutional claims at issue in his ongoing state court action and will have the opportunity to raise his claims in any subsequent state law habeas proceedings. While Daniel's petition alleges that his constitutional claims have not been properly considered before the trial court, he fails to demonstrate how he lacks adequate opportunity to present his claims to the appropriate state appellate courts. *See id*. at 49.

Accordingly, Daniel's petition for writ of habeas corpus is **DISMISSED**.

"In order to appeal from the dismissal of a § 2241 petition, a state prisoner must obtain a [Certificate of Appealability]." *Johnson v. Warden, Ga. Diagnostic and Classification Prison*, 805 F.3d 1317, 1322 (11th Cir. 2015) (citations omitted). If the petition is disposed of on procedural grounds, such as in this case, to obtain a

Certificate of Appealability, the petitioner must show that jurists of reason would find it debatable that the petition states a valid claim of the denial of a constitutional right, and that the district court was correct in its procedural ruling.  *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000); 28 U.S.C. § 2253(c)(2).  Daniel has not made either showing.  Accordingly, he is **DENIED** a certificate of appealability.

**B. Notice of Removal and Motion to Dismiss State Court Criminal Action**

When a notice of removal of a state court criminal action is filed, the Court must "examine the notice promptly . . . [and] [i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand."  28 U.S.C. § 1455(b)(4); *see also Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004) ("Federal courts are obligated to inquire into subject-matter jurisdiction sua sponte . . .").  Following the review required by § 1455(b)(4), the Court determines this action must be remanded to the state court.

Section 1443(1) allows for the removal of a state court proceeding "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof."  28 U.S.C. §1443(1).  A defendant seeking removal under § 1443(1) must show (1) that "the right allegedly denied the removal petitioner arises under a federal law providing for specific civil rights stated in terms of racial equality" and (2) "that the removal petitioner is denied or cannot enforce the specified federal [right] in the courts of the State."  *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (citations omitted).

Under the first prong, "[c]laims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination will not suffice." *Id*.  Rather, the federal law invoked must explicitly protect the petitioner's conduct and provide a right to be free from prosecution for that conduct.  *Id.*  Under the second prong, "the denial of [defendant's] equal civil rights must be 'manifest in a formal expression of state law.'" *Alabama v. Conley*, 245 F.3d 1292, 1295 (11th Cir. 2001) (citation omitted).  The only exception to this requirement is "if the very act of bringing the state court proceedings will constitute a denial of the rights conferred by federal statute."  *Id*.

Daniel fails to satisfy either prong of this test.  In his notice of removal and motion to dismiss his state court action, Daniel contends that his prosecution has involved "a pattern of systemic violations of his civil rights" under the First, Fourth, Fifth, Sixth, and Fourteenth Amendments of the United States Constitution as well as Article I of the Georgia Constitution.  Doc. 4-4 at 3; *see* Doc. 1-1 ¶¶ 2-8.  Specifically, he claims that he was arrested pursuant to a "facially void warrant not supported by probable cause," that the judge violated his rights by orally ruling on motions without entering written rulings, that discovery is incomplete, and that he was denied access to meaningful appellate review.  Docs. 1-1 ¶¶ 1-9; 4-5 ¶¶ 1-7.  However, removal under § 1443(1) is not warranted based solely on allegations that the charges are unconstitutional, that the charges are groundless, or that the arrest and prosecution otherwise deny constitutional rights.  *See Greenwood v. Peacock*, 384 U.S. 808, 827 (1966) ("It is not enough to support removal under § 1443 (1) to allege or show that the defendant's federal equal civil rights have been illegally and corruptly denied by state administrative officials in

advance of trial, that the charges against the defendant are false, or that the defendant is unable to obtain a fair trial in a particular state court."); *State of Ga v. Rachel*, 384 U.S. 780, 792 (1966) ("[W]e conclude that the phrase 'any law providing for equal civil rights must be construed to mean any law providing for specific civil rights stated in terms of racial equality."). Daniel, thus, fails to satisfy prong one of § 1443(1).

Regarding the second prong, Daniel has not alleged a denial of his equal civil rights that is "manifest in a formal expression of state law." *Conley*, 245 F.3d at 1296. Daniel does not cite any state law that prohibits him from asserting his rights in state court. Nor does he demonstrate that "the very act of bringing the state court proceedings will constitute a denial of the rights conferred" by a federal statute or constitutional provision.

Accordingly, the Court lacks jurisdiction in this matter, and Daniel's motion to dismiss his state court action (Doc. 4) is **DENIED**.

**C. Motion for Preliminary Injunction**

Daniel also moves for a preliminary injunction "to enjoin further proceedings" in the state court action. Doc. 7 at 1. Daniel contends that "all actions taken by a state court after lawful federal removal are void ab initio" because "[t]he federal court has exclusive jurisdiction." *Id.* at 2.

Under 28 U.S.C. § 1455(c), "[t]he filing of a notice of removal of a criminal prosecution shall not prevent the State court in which such prosecution is pending from proceeding further, except that a judgment of conviction shall not be entered unless the

prosecution is first remanded." Here, because no judgment of conviction has been entered, the state court is free to proceed.[5]

Accordingly, the state court's actions are not void, and Daniel's motion for a preliminary and permanent injunction is **DENIED**.

## II. CONCLUSION

Daniel's petition for writ of habeas corpus (Docs. 1; 5) is **DISMISSED** for failure to exhaust and a certificate of appealability is **DENIED**. Because Daniel is not entitled to relief under 28 U.S.C. §1443(1), his motion to dismiss his state court criminal action (Doc. 4) and his motion for a preliminary injunction (Doc. 7) are **DENIED**. The Clerk of Court is **DIRECTED** to close this action.

**SO ORDERED**, this 27th day of August, 2025.

S/ Marc T. Treadwell<br>
MARC T. TREADWELL, JUDGE<br>
UNITED STATES DISTRICT COURT

---

[5] In support of his motion, Daniel cites *Maseda v. Honda Motor Co., Ltd.*, 861 F.2d 1248 (11th Cir. 1988). That case addressed removal of civil actions to federal court under 28 U.S.C. § 1441. As stated, different rules apply to the removal of criminal actions and, thus, *Maseda* is not controlling here.