IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **LIONELL DANIEL,** | ) |
| **Plaintiff,** | ) ) ) |
| v. | ) CIVIL ACTION NO. 5:25-CV-280 (MTT) |
| **STATE OF GEORGIA,** | ) ) ) |
| **Defendant.** | ) ) |

**ORDER**

Pro se petitioner Lionell Daniel petitioned for writ of habeas corpus and filed a notice of removal of his pending state superior court criminal action on July 1, 2025. ECF 1; 1-1; 5; 4. The Court dismissed Daniel's petition on August 27, 2025, ruling that Daniel had not properly exhausted his state law remedies before filing his habeas petition and that the Court lacked jurisdiction over the state court criminal action. ECF 10. On August 29, 2025, Daniel moved for sanctions, for dismissal of his state court action with prejudice, for injunctive relief, and for the Court to expedite its rulings on his pending motions (ECF 12; 13). For the following reasons, Daniel's motions (ECF 12; 13) are **DENIED**.[1]

**I. BACKGROUND**

Daniel filed this petition for writ of habeas corpus under 28 U.S.C. § 2241, alleging constitutional violations related to his still-pending state superior court criminal

---

[1] It appears that Daniel filed these motions before he received the Court's order and the judgment entered on August 27, 2025. *See* ECF 12 ¶ 2; 13 at 2.

action. ECF 1; 5. He also filed a notice of removal, moved to dismiss the state court action, and moved for a preliminary injunction. ECF 4; 7. On August 27, 2025, the Court denied Daniel's motion to dismiss and his motion for a preliminary injunction, dismissed his petition for writ of habeas corpus, and directed the Clerk of Court to close this action. ECF 10. Judgment was entered the same day. ECF 11. Two days later, Daniel filed a motion for sanctions, dismissal with prejudice, and injunctive relief (ECF 12) and a motion to expedite rulings on pending motions (ECF 13).

## II. DISCUSSION

### A. Motion to Dismiss and Motion for Injunctive Relief

As an initial matter, the Court has already ruled that Daniel is not entitled to injunctive relief or to dismissal of his state court action. ECF 10 at 6-9. Daniel merely repeats the same arguments previously considered by the Court—none of which have merit. ECF 12 at 1-4. Thus, Daniel's motions for dismissal without prejudice and for injunctive relief are **DENIED**.

### B. Motion for Sanctions

Daniel has also requested sanctions against "state actors."[2] ECF 12 at 2-3. Daniel argues that the State Superior Court Judge improperly held proceedings in his criminal action without jurisdiction after Daniel filed his notice of removal. *Id.* at 2. Daniel also argues that "[t]he search warrant initiating his prosecution was facially void," that there have been several discovery violations and "fraud on the court" since his

---

[2] Daniel does not state the legal grounds under which he seeks sanctions. ECF 12. The Court assumes Daniel moves for sanctions under the Court's inherent power. *See Peer v. Lewis*, 606 F.3d 1306, 1314 (11th Cir. 2010).

prosecution began, and that structural due process and Civil Rights Statutes were violated. *Id.* at 2-3.

First, none of the conduct that Daniel complains about occurred before this Court, and much of the alleged misconduct occurred prior to Daniel's notice of removal. ECF 12 at 2; s*ee Shen Yi, LLC v. Deutsche Bank Nat'l Trust Co.*, 2022 U.S. Dist. LEXIS 16226, at *13 (M.D. Fl. 2022) (declining to enter sanctions for "conduct that did not occur before" the court); *see also Bluegreen Vacations Unlimited, Inc. v. Timeshare laws*, 2023 U.S. Dist. LEXIS 224558, at *10 (S.D. Fla. Dec. 18, 2023) (Same). Moreover, no sanctions are warranted. Apart from alleged wrongdoing by the State Superior Court Judge, Daniel fails to identify who he believes should be sanctioned. More importantly, Daniel has provided no evidence of specific conduct that warrants sanctions. *Id; see Peer*, 606 F.3d at 1316 (explaining that the "threshold" of the Court's authority to impose sanctions is "a finding of bad faith*.*" (quoting *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998))).  Finally, regarding his claims against the State Superior Court Judge, Daniel has cited no legal authority that allows this Court to sanction a state court judge for alleged misconduct. Accordingly, Daniel's motion for sanctions is **DENIED**.

## C. Motion to Expedite Rulings

Finally, Daniel requests that the Court "[e]xpedite rulings on all pending motions no later than September 3, 2025." ECF 13 at 2. Because the Court had already ruled on Daniel's pending motions and entered judgment when Daniel filed this motion to expedite, the motion (ECF 13) is **DENIED as moot**.

## III. CONCLUSION

Daniels' motion for sanctions, his motion for dismissal without prejudice of the state court action, and his motion for injunctive relief (ECF 12) are **DENIED**. Daniel's motion to expedite rulings on all pending motions (ECF 13) is **DENIED as moot**.

**SO ORDERED**, this 31st day of October, 2025.

S/ Marc T. Treadwell<br>
MARC T. TREADWELL, JUDGE<br>
UNITED STATES DISTRICT COURT